IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE K. PRAGOVICH, | ) CIVIL NO. 08-00174 SPK-KSC |
| | ) |
|     Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
|     vs. | ) PETITION TO QUASH THIRD |
| | ) PARTY SUMMONSES |
| INTERNAL REVENUE SERVICE; | ) |
| IRS REVENUE AGENT #36-09437 | ) |
| JOSEPH CONROY; GROUP | ) |
| MANAGER #43-15016 SAM | ) |
| ANDERSON, | ) |
| | ) |
|     Respondents. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
PETITION TO QUASH THIRD PARTY SUMMONSES

On April 18, 2005, Petitioner George Pragovich ("Petitioner") filed a Petition to Quash Third Party Summonses ("Petition"), as well as a memorandum in support of the Petition and Affidavit.  On June 10, 2008, Respondent Internal Revenue Service ("Respondent") filed a Response.

This matter came on for hearing on June 13, 2008.  Attorney Shana Starnes appeared by phone on behalf of Respondent.  Petitioner did not appear, nor did Petitioner contact the Court prior to or during the

hearing in an effort to appear by phone.  He also did not provide the Court with a telephone number.

BACKGROUND

Respondent is conducting an investigation to determine whether Petitioner, dba National Justice Center, is liable for penalties under 26 U.S.C. §§ 6700 and/or 6701 for promoting an abusive tax fraud scheme which involves assisting others to file frivolous lawsuits in order to avoid collection of federal income taxes and impede the proper administration of the federal tax laws.  Petitioner allegedly assists customers with filing frivolous lawsuits at a rate of $5,000 per lawsuit and $250 an hour for other miscellaneous legal work, even though he is not an attorney.

In connection with this investigation, Revenue Agent Joseph Conroy issued 22 third-party summonses on April 1, 2008, three of which were directed at individuals residing in this district:  Elise Travis, Bruce Travis, and Joseph Teipel.  Agent Conroy served these individuals by certified mail.  He also served

Petitioner with notices of the summonses by certified mail.  On April 21, 2008, Respondent received copies of the Petition via certified mail from Petitioner.

<u>DISCUSSION</u>

Petitioner moves to quash all 22 third-party summonses issued by Agent Conroy.  Petitioner argues that the summonses were issued for the improper purpose of chilling his inseparable First Amendment rights of freedom of speech and press, peaceable assembly and to petition for redress of grievances.

Respondent counters that it has made a prima facie showing of good faith in the issuance of the summonses, as it is investigating Petitioner to determine if he is liable for penalties for promoting an abusive tax-fraud scheme.  Respondent maintains that Petitioner cannot overcome his burden of showing that the enforcement of the summonses would be an abuse of process.

As an initial matter, the Court notes that to the extent Petitioner seeks to quash all 22 summonses, his Petition must be denied.  The Court only has

3

jurisdiction, if at all, with respect to those persons residing in this district.  See 26 U.S.C. § 7609(h)(1) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding.").  Thus, the Court will limit its analysis to the summonses issued to the three individuals located in this district:  Elise Travis, Bruce Travis, and Joseph Teipel.

Ordinarily, the United States is immune from suit unless it has expressly waived its immunity and consented to be sued.  Lane v. Pena, 518 U.S. 187, 192 (1996);  Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1087-88 (9th Cir. 2007) (quoting Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.  Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required

4

. . . . [because] the existence of such consent is a prerequisite for jurisdiction.")).   In the case of petitions to quash IRS summonses, the United States has consented to suits filed within twenty days after notice of the summons is given.  <u>Travis v. Miki</u>, 394 F. Supp. 2d 1277, 1280 (D. Haw. 2005) (citing 26 U.S.C. § 7609(b)(2)); <u>Faber v. U.S.</u>, 921 F.2d 1118, 1120 (10th Cir. 1990) ("We follow the Eleventh and Ninth Circuits in holding that a taxpayer's motion to quash an IRS third party summons must be filed within twenty days from the date notice is sent or personally served to avoid dismissal by a district court.").

In the present case, Agent Conroy issued the third-party summonses on April 1, 2008.  Petitioner received notice of the summonses on April 4, 2008.  <u>See</u> Response, Exs. A-C.  Petitioner filed his Petition on April 18, 2008, which falls within the 20-day period provided for by 26 U.S.C. § 7609(b)(2).

In addition to the foregoing, § 7609(b)(2) mandates that within the 20-day filing period, any person seeking to quash summonses "mail by registered

5

or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice." 26 U.S.C. § 7609(b)(2). Failure to comply with § 7609(b)(2)(B) is a jurisdictional defect. 26 C.F.R. § 301.7609-3(b)(2) ("Failure to give timely notice to either the summoned party or the Service in the manner described in this paragraph means that the notified person has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding."); Bharose v. United States, 2005 WL 2072011 (E.D. Cal. Aug. 26, 2005) (failure to send petition to third party and "Service" by registered or certified mail within the twenty-day period is jurisdictional defect); Yocum v. United States, 586 F. Supp. 317, 318-19 (N.D. Ind. 1984) ("Section 7609(b)(2)(B) requires that copies of the petition to quash must be mailed, either registered or certified, by the person or persons who file said petition to both the summoned party and the Internal Revenue Service. Petitioners did not do what section 7609(b)(2)(B) requires. The petition must be dismissed."). A judge

6

may dismiss an action sua sponte for lack of
jurisdiction.  <u>Franklin v. State of Or., State Welfare
Division</u>, 662 F.2d 1337, 1342 (9th Cir. 1981) (citing
<u>Cal. Diversified Promotions, Inc. v. Musick</u>, 505 F.2d
278, 280 (9th Cir. 1974)).

Here, Agent Conroy attests that the IRS
received copies of the Petition by certified mail on
April 21, 2008, although the copies did not state the
case number or court filing.  Declaration of Joseph
Conroy ("Conroy Decl.") at ¶ 13.  However, Petitioner
has not produced evidence demonstrating that he has
mailed copies of the Petition to the third-parties in
accordance with § 7609(b)(2)(B).  The Court is
therefore uncertain as to whether it has jurisdiction
to entertain this action.  Because Petitioner received
notice of the third-party summonses on April 4, 2008,
the 20-day period within which he would have been
required to mail copies of the Petition to the third-
parties expired on April 24, 2008.

Respondent does not challenge jurisdiction, but

argues that the summonses should be enforced.  In order to obtain enforcement of a summons, or in an action by the taxpayer to quash a summons, the IRS need only make a prima facie showing of good faith in the issuance of the summons.  See Lidas, Inc. v. United States, 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing United States v. Powell, 379 U.S. 48 (1964)).  The IRS must establish that: "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed."  Id. at 1082 (citing Powell, 379 U.S. at 57-58); Crystal, 172 F.3d at 1143-44.  The government's burden is slight, and courts generally hold that affidavits or declarations from IRS directors or agents can provide sufficient proof that the Powell elements have been met.  See id. at 1144 (citing United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)); Lidas, 238 F.2d at 1082 (citing United States v. Stuart, 489 U.S.

8

353, 360-61 (1989); <u>Barquero v. United States</u>, 18 F.3d 1311, 1317 (5th Cir. 1994)).

Agent Conroy's Declaration establishes that the <u>Powell</u> test is satisfied.  First, the investigation is being conducted for a legitimate purpose; that is, to investigate Petitioner's potential liability for promoting an abusive tax fraud scheme through the filing of frivolous lawsuits.  Second, the inquiries may be relevant to that purpose.  The third-parties were plaintiffs in various lawsuits filed in the District of Columbia, which were of the type linked to Petitioner.  Through the investigation, Respondent seeks to ascertain Petitioner's involvement, if at all, in facilitating or assisting the third-parties with the commencement of the frivolous suits.  Therefore, the documents requested in the summonses are relevant to the investigation.

Third, the information sought is not already within the IRS's possession.  Agent Conroy has attested that the IRS is not in possession of the books, records, papers, and other data sought by the

summonses.   Conroy Decl. at ¶ 14.   Finally, the
administrative steps required by the Internal Revenue
Code have been followed.   Respondent acknowledges that
§ 7603(a) required Agent Conroy to serve the summonses
by hand rather than by certified mail.   However,
Respondent posits that this violation is excusable
because it acted in good faith and Petitioner did not
suffer prejudice as a result of their error.   The Court
agrees.   Petitioner has not challenged the method of
service employed by Respondent with respect to the
summonses, and he was not prejudiced by the service via
certified mail to the third-parties, as he timely
received notice of the issuance of the summonses.

Given that Respondent issued the summonses in
good faith, it is Petitioner's heavy burden to rebut
the presumption of good faith.   Once the IRS makes the
prima facie showing, the "heavy burden" of rebutting
the presumption of good faith shifts to the taxpayer
challenging the summons.   <u>See</u> <u>id.</u> (quoting <u>United</u>
<u>States v. Jose</u>, 131 F.3d 1325, 1328 (9th Cir. 1997) (en
banc)).   The taxpayer "'may challenge the summons on

any appropriate ground,' including failure to meet the
Powell requirements." See id. (quoting Powell, 379
U.S. at 58).  This is a heavy burden, leaving the
taxpayer with few defenses.  See United States v. Derr,
968 F.2d 943, 945 (9th Cir. 1992).  The taxpayer must
present specific facts and evidence to rebut the
presumption of good faith.  See Crystal, 172 F.3d at
1144.

Petitioner did not appear at the hearing in
person or by phone, even though the Court served him
with a copy of the notice of hearing on April 29, 2008,
at the street address provided on his pleadings.  The
Court also notes that it received correspondence from
Petitioner on May 8, 2008, which included documents
that Petitioner had inadvertently omitted from his
initial filings.  By way of letter dated May 13, 2008,
the Court instructed Petitioner to refile the documents
in proper form.  Petitioner did not respond and to
date, has not properly filed the documents.

With respect to the substance of the Petition,
Petitioner has failed to provide any evidence to

11

demonstrate specifically how his associational and
expression rights are chilled by the IRS investigation.
He argues that the summonses were issued for the
improper purpose of chilling his First Amendment rights
of freedom in speech and press, peaceable assembly and
to petition for redress of grievances.  However, his
conclusory and unintelligible arguments are unavailing.
He has not demonstrated specifically how his
associational and expression rights are chilled by the
IRS investigation.  "Similarly, he has not submitted-by
affidavit or otherwise-any evidence of his harassment
by the Government, although such showings are the
minimum necessary in order to establish a prima facie
case of infringement of First Amendment rights."
Dennis v. United States,  660 F. Supp. 870, 874 (C.D.
Ill. 1987) (citing United States v. Freedom Church, 613
F.2d 316, 320 (1st Cir. 1979); O'Neal v. United States,
601 F. Supp. 874, 879-80 (N.D. Ind.1985); Holderbaum v.
United States, 589 F. Supp. 107, 112 (D. Colo. 1984);
Voss v. United States, 573 F. Supp. 957, 960-61 (D.
Colo. 1983)).  As such, the Court finds that Petitioner

has failed to satisfy his heavy burden to rebut the presumption of good faith.  Accordingly, the Court recommends that the summonses issued to Elise Travis, Bruce Travis, and Joseph Teipel be enforced.

<u>CONCLUSION</u>

Based on the foregoing, this Court FINDS and RECOMMENDS that the district court DENY Petitioner's Petition to Quash Third Party Summonses, filed April 18, 2008 and enforce the third-party summonses issued to Elise Travis, Bruce Travis, and Joseph Teipel.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 16, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 08-00174 SPK-KSC; <u>PRAGOVICH V. INTERNAL REVENUE SERVICE, et al.</u>; FINDINGS AND RECOMMENDATION TO DENY PETITION TO QUASH THIRD PARTY SUMMONSES